IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-435-RJC
(3:08-cr-225-RJC-DCK-1)

| | |
|---|---|
| IVAN HRCKA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Motion for Summary Judgment, (Doc. No. 9).

I. **BACKGROUND**

In 2008, the Grand Jury for the Western District of North Carolina returned a three-count Superseding Bill of Indictment against Petitioner Ivan Hrcka. See (Case No. 3:08CR435, Doc. No. 6: Superseding Indictment). The Grand Jury charged that Petitioner knowingly possessed a forged, counterfeited, altered, or falsely made document–prescribed by statute or regulation for entry into the United States–in violation of 18 U.S.C. § 1546(a) (Count One); that on or about October 7, 2008, Petitioner presented a document, required or prescribed by the immigration laws, containing a material false statement, in violation of 18 U.S.C. § 1546(a) (Count Two); and that Petitioner made a false statement in a matter within the jurisdiction of Homeland Security, an agency of the United States, in violation of 18 U.S.C. § 1001 (Count Three).

Petitioner's case was tried before a jury on December 16-17, 2008. See (Id., Doc. Nos. 39;

1

40: Trial Tr., Vols. I and II). At the close of the Government's evidence, the Court partially granted Petitioner's Rule 29 motion, dismissing Count Three of the superseding indictment. (Id., Doc. No. 39 at 191-93: Trial Tr., Vol. I). The Court denied Petitioner's Rule 29 motion as to Counts One and Two, both at the close of the Government's evidence and again at the close of all evidence. (Id., Doc. No. 39 at 192: Vol. I; Doc. No. 40 at 85-86: Vol. II). The jury found Petitioner guilty of Counts One and Two. (Id., Doc. No. 40 at 129-30). On September 29, 2009, the Court sentenced Petitioner to concurrent sentences of "time served" for Counts One and Two, plus a two-year term of supervised release. See (Id., Doc. No. 41 at 13-14: Sent. Tr.). The Court issued its written judgment on October 15, 2009. (Id., Doc. 34: Judgment).

Petitioner filed a timely appeal challenging the sufficiency of the evidence for conviction, and on June 22, 2010, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction. See United States v. Hrcka, 384 F. Appx. 232, 233 (4th Cir. 2010). Petitioner filed a petition for a writ of certiorari to the Supreme Court, which was denied on February 28, 2011. See Hrcka v. United States, 131 S. Ct. 1569 (2011).

On September 6, 2011, Petitioner filed his § 2255 motion, alleging ineffective assistance of counsel, trial court error, and false testimony by a witness. Specifically, Petitioner alleges that he wanted to bargain for a lesser charge but counsel forced him to proceed to trial; trial counsel failed to advise him of the deportation consequences of conviction; the trial court failed to advise Petitioner of the immigration consequences of conviction; and Petitioner's trial witness was forced to change her story. (Doc. No. 1 at 4; 5; 7; 8).

On February 28, 2012, Respondent filed the pending motion for summary judgment, and a corresponding Response in opposition to the petition. (Doc. Nos. 8; 9). On July 5, 2012, after receiving several extensions of time, Petitioner filed a Reply. (Doc. No. 20). Sometime after

2

Petitioner filed his Reply brief, and before September 10, 2012, Petitioner was deported to his native country of the Slovak Republic, where he had been a fugitive of justice based on criminal charges filed against him on April 9, 2001, in that country for fraud, abridgment of taxation, tax shortening, and swindling. See (Doc. No. 22: Letter from Ivan Hrcka).

**II. STANDARD OF REVIEW**

A. Section 2255

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If a petitioner's motion survives initial review and once the Government files a Response, the Court must then review the materials submitted by the parties to determine whether an evidentiary hearing is warranted under Rule 8(a) of the Rules Governing Section 2255 Proceedings. After having considered the record in this matter, including the parties' summary judgment materials, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

B. Summary Judgment

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is

appropriate.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

## III. DISCUSSION

Like the federal habeas statute, 28 U.S.C. § 2255 requires a movant to be "in custody."  A prisoner meets the custody requirements of habeas corpus, or of a § 2255 petition, if he is incarcerated when he files the petition, even if he is released from prison during the pendency of the petition.  Carafas v. LaVallee, 391 U.S. 234, 238 (1968); United States v. Bryson, 981 F.2d 720, 726 (4th Cir. 1992).  Nonetheless, a petitioner must also show that, in spite of subsequent release, he can still meet "the case or controversy requirement of Article III, § 2, of the Constitution."  Spencer v. Kemna, 523 U.S. 1, 7 (1998) (petitioner failed to show injury-in-fact in challenge to a parole revocation, where petitioner had been released from prison after filing habeas corpus petition).  "Once the convict's sentence has expired, . . . some concrete and continuing injury other than the now-ended incarceration or parole – some 'collateral consequence' of the conviction – must exist if the suit is to be maintained."  Id. at 7 (citations omitted).

Here, Petitioner stated in his petition that he was seeking to have his conviction and sentence for violations of 18 U.S.C. § 1546(a) vacated in order to avoid the consequences of deportation—that is, to assert his "rights to remain in the United States" and "preserv[e] the possibility of discretionary releif [sic] from deportation."  (Id. at 7).  In support of its summary judgment motion, filed before Petitioner was deported, Respondent contended that Petitioner did not present a live case or controversy in his petition because he was subject to deportation based on his status as a an illegal alien aside from his conviction for passport fraud.  Of course, granting the petition can no longer save Petitioner from deportation because he has already been

4

deported.[1]  Deportation alone, however, does not render moot a § 2255 petition.  See Sibron v. New York, 392 U.S. 40 (1968).  If granting the petition, and thus vacating his passport fraud conviction, would lift a statutory bar against petitioner's legal re-entry into the United States then there is a "collateral consequence" of his conviction, establishing a live case or controversy.  See Swaby v. Ashcroft, 357 F.3d 156, 160 (2d Cir. 2004).

Petitioner contends in his Reply to the Government's Response that there is, in fact, a "collateral consequence" of his conviction for passport fraud.  He states that, if it were not for his passport fraud conviction, he would be eligible to apply for re-entry because he is married to a U.S. citizen and has an approved I-130 petition, which is a petition for a lawful permanent U.S. resident to establish the relationship to certain alien relatives who want to immigrate to the United States.  (Doc. No. 22).  Given the change in circumstances since the filing of the Government's summary judgment motion, and in light of Petitioner's contentions, the Court will require further briefing from the Government as to the mootness issue.  If the Government concedes that Petitioner's deportation did not render the petition moot, the Government shall submit arguments on the merits of Petitioner's claims.

IV.     **CONCLUSION**

In accordance with this Order, the Government shall submit further briefing to this Court.

   **IT IS, THEREFORE, ORDERED** that:

   1.     Within twenty (20) days of entry of this Order, the Government shall submit further briefing to this Court in accordance with this Order.

---

[1]  Respondent further notes in his summary judgment motion that when he filed his petition Petitioner was an Interpol fugitive subject to extradition from the United States based on the criminal charges pending against him in Slovac Republic.  (Id., Doc. No. 8 at 3-4).  Indeed, on or about June 26, 2008, a Senior ICE Representative of the ICE Attache Office/Vienna had requested the assistance of the Charlotte ICE office in apprehending Petitioner.

Signed: July 26, 2013

_____
Robert J. Conrad, Jr.
United States District Judge